**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 18 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-50576 |
| Plaintiff - Appellee, | D.C. No. CR-05-00107-JVS-2 |
| v. | |
| FRANCISCO RODRIGUEZ, aka Seal B; Trigger, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted December 10, 2009
Pasadena, California

Before: HALL and SILVERMAN, Circuit Judges, and CONLON,[**] District
Judge.

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]   The Honorable Suzanne B. Conlon, U.S. District Judge for the
Northern District of Illinois, sitting by designation.

Francisco Rodriguez appeals his convictions for conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act in violation of 18 U.S.C. § 1962(d) and for conspiracy to commit murder in aid of racketeering activity in violation of 18 U.S.C. § 1959(a)(5). He alleges, *inter alia*, that the district court erred by instructing the jury on entrapment under California law as opposed to federal law. We have jurisdiction under 28 U.S.C. § 1291. We agree, and we reverse Rodriguez's conviction and remand for a new trial.

The government concedes that if an entrapment jury instruction should have been given, the district court erred by giving the California state entrapment instruction instead of an instruction based on federal law; the two are markedly different. The government nonetheless contends that the error was harmless because, it argues, Rodriguez was not entitled to an entrapment instruction at all.

To be entitled to an entrapment instruction, "the defendant need present only some evidence, which may be of doubtful credibility." *United States v. Gurolla*, 333 F.3d 944, 955 (9th Cir. 2003) (internal citations omitted). Other cases refer to the defendant's burden to present only "slight evidence." *United States v. Marbella*, 73 F.3d 1508, 1512 (9th Cir. 1996). We agree with the district court that there was sufficient evidence to warrant the giving of an entrapment instruction.

The evidence showed that prior to events in issue, Rodriguez was only

2

loosely affiliated with the West Myrtle gang. After Rodriguez's friend was shot at a party the government prevailed on Navarro, a confidential government informant, to approach Rodriguez. Navarro demanded that Rodriguez attend gang meetings to discuss retaliation under the threat of physical violence. Navarro specifically told Rodriguez that his friend's mother "want[ed] blood." Navarro also instructed Rodriguez not to talk to police and that retaliation should be handled by the gang. And Navarro testified that he never heard of any plan of retaliation involving Rodriguez, or anyone else, prior to his orchestration of gang meetings on the subject. The district court correctly found that these facts were enough to put entrapment in issue. However, the district court then gave the California, rather than the federal, entrapment instruction. This instruction significantly misstated the burden of proof regarding entrapment in a federal trial. *Jacobson v. United States*, 503 U.S. 540, 549 (1992); *United States v. Poehlman*, 217 F.3d 692, 698 (9th Cir. 2000). The government concedes that if an entrapment instruction should have been given at all, the giving of the California instruction was reversible error. We reverse the conviction and remand for a new trial.

Because we are remanding this case, we address one additional evidentiary issue that may recur at a retrial. The district court excluded the testimony of Navarro's former girlfriend, Elizabeth Robles, regarding Navarro's heavy heroin

3

use during the period of time about which he testified, use amounting to intoxication, which supposedly affected his ability to perceive events. The district court reasoned that under Federal Rule of Evidence 608(b), Robles's testimony would impermissibly impeach Navarro's character for truthfulness with specific instances of conduct *i.e.*, his drug use. But Robles's testimony called into question Navarro's ability to perceive and remember the events about which he testified. Thus, this testimony was admissible as bearing on his credibility. *See Silva v. Brown*, 416 F.3d 980, 986–87 (9th Cir. 2005); *Benn v. Lambert*, 283 F.3d 1040, 1056 (9th Cir. 2002).

We decline to reach Rodriguez's additional claims in light of the remand for new trial on other grounds.

REVERSED and REMANDED.

4