**NOT FOR PUBLICATION**

DEC 03 2015

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50121 |
| Plaintiff - Appellee, | D.C. No. 8:05-cr-00107-JVS-2 |
| v. | |
| FRANCISCO RODRIGUEZ, AKA Francisco Ramon Rodriguez Medina, AKA Francisco Rodriguez Medina, AKA , Francisco Ramon Rodriguez, AKA Seal B, AKA Trigger, AKA Francisco Trigger, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted November 2, 2015
Pasadena, California

Before: SCHROEDER, PREGERSON, and FRIEDLAND, Circuit Judges.

Francisco Rodriguez appeals his convictions for RICO conspiracies to

commit murder, extortion, and drug trafficking in violation of 18 U.S.C. § 1962(d),

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

and for VICAR conspiracy to murder rival gang members in violation of 18 U.S.C. § 1959(a)(5). After the first trial, this court reversed the VICAR and RICO convictions for instructional error after the jury had acquitted Rodriguez of the remaining counts. *United States v. Rodriguez*, 359 F. App'x 833, 834–35 (9th Cir. 2009) (unpublished). The second trial resulted in a hung jury.

In this third trial, as in the earlier trials, Rodriguez's defense was entrapment. The government offered predisposition evidence of Rodriguez's shooting of two brothers, in an incident referred to as the Petatan shootings. Rodriguez offered the testimony of a psychiatrist, Dr. Stewart, in response. He had testified in the first trial that Rodriguez suffered from PTSD during the Petatan shootings and therefore had been incapable of possessing the requisite intent for murder or attempted murder. At this third trial, the district court admitted the Petatan shooting evidence over Rodriguez's objection and barred Dr. Stewart from testifying to Rodriguez's mental state at the time of the shootings. On appeal, Rodriguez argues that the rulings together constitute reversible error. We agree.

Because Rodriguez was acquitted of all charges based on the Petatan shootings, their relevance to Rodriguez's predisposition to conspire to murder was marginal at best. Once the court decided to admit the objected-to shooting evidence, it was error not to admit Dr. Stewart's expert testimony. Rodriguez's

2

mental state and capacity to formulate intent remained at issue in the case. He was charged with conspiracies to commit murder and other gang related offenses, and because his defense was entrapment, Rodriguez's predisposition to commit the crimes charged was a key issue. *United States v. Davis*, 36 F.3d 1424, 1430 (9th Cir. 1994). Because the government was permitted to put Rodriguez's mental state in committing the Petatan shootings at issue with respect to predisposition, Rodriguez was entitled to put on in his defense Dr. Stewart's testimony about his mental state at the time of those shootings.

The remainder of the issues raised by Defendant are not meritorious, but we touch on them briefly in the event that there is another trial.

With respect to predisposition, the district court revised the Ninth Circuit Model Jury Instruction to try to account for the fact that inducement by the informant may have occurred at different times in relation to the different crimes. The resulting instruction told the jurors that, on the issue of predisposition, they "may have to focus on more than one point in time" and should determine whether Rodriguez was predisposed to commit the charged crimes "without regard to contacts by the government agent, whenever they occurred." We agree that this instruction was confusing and in tension with the requirement that predisposition be measured prior to initial contact with the government, *see United States v.*

3

*Davis*, 36 F.3d 1424, 1431 (9th Cir. 1994), and we do not approve it. Nevertheless, the correct law was reiterated eight times to the jury, and in the context of this trial, the instruction does not constitute an independent ground for reversal.

Defendant also challenges the Ninth Circuit Model Jury Instruction, arguing that it creates an objective inquiry rather than a subjective one. We have effectively rejected this contention when we explained the instruction and described it as creating a subjective standard. *United States v. Williams*, 547 F.3d 1187, 1197 (9th Cir. 2008).

The district court did not abuse its discretion in excluding the testimony of Ava Steaffans on the ground that she was not qualified to testify as an expert on gangs.

While it was error for the district court not to give a cautionary instruction on the distinction between the government's case agent's lay and expert testimony, the error was harmless because the testimony was unlikely to have affected the verdict. *See United States v. Bonilla-Guizar*, 729 F.3d 1179, 1184–85 (9th Cir. 2013).

There was no *Batson* error.

The judgment of the district court is **REVERSED**.

4